**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| INTEGRATED MICRO-CHIP ELECTRONICS MEXICO,<br><br>                        Plaintiff,<br><br>v.<br><br>LANTEK CORP., et al.,<br><br>                        Defendants. | Civil Action No: 18-14112-SDW-LDW<br><br>**OPINION**<br><br><br><br>September 24, 2019 |

**WIGENTON**, District Judge.

Before this Court is Defendants Atlantis Electronics, LTD. ("Atlantis-Canada"), Lantek Corporation d/b/a Atlantis Electronics ("Atlantis-US") (collectively, "Corporate Defendants"), and Daniel Yodaiken's ("Yodaiken") (collectively, "Defendants") Motion to Dismiss Plaintiff Integrated Micro-Chip Electronics Mexico's ("Plaintiff") Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and 9(b). Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Defendant Atlantis-Canada is a Canadian corporation. (D.E. 31 ¶ 4.) Defendant Atlantis-US is a Delaware Corporation with a principal place of business in New Jersey. (*Id.* ¶ 5.) Yodaiken is a citizen of the United Kingdom and a director/officer of Atlantis-Canada and Atlantis-US. (*Id.*

¶¶ 7-10.)  The Corporate Defendants are suppliers of electronic component parts, such as resistors and capacitors.  (*Id.* ¶¶ 15, 35-39, 79.)  In 2017, Plaintiff entered into a contract with Atlantis-Canada to purchase these components.  (*Id.* ¶¶ 35-48.)  Plaintiff alleges that between April and November 2017, Defendants delivered counterfeit parts instead of the authentic components Plaintiff had bargained for.  (*See generally id.*)

On July 30, 2018, Plaintiff filed suit in the Superior Court of New Jersey, Law Division, Sussex County. (D.E. 1.)  Defendants removed to this Court on September 20, 2018.  (*Id.*)  Plaintiff subsequently filed an Amended Complaint on February 13, 2019, asserting claims for: Fraud (Count One); Violation of the New Jersey Consumer Fraud Act ("NJCFA") (Count Two); Negligent Misrepresentation (Count Three); Breach of Contract (Count Four); and Breach of Warranty (Count Five).  (D.E. 22.)  Defendants moved to dismiss on April 15, 2019.  (D.E. 27.) Briefing was completed on June 21, 2019.  (D.E. 32, 33.)

## II.    LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").  Rule 12(f) permits a court to strike "redundant, immaterial, impertinent or scandalous matter" contained in a pleading.  FED. R. CIV. P. 12(f) (noting that the court may do so "on its own" or "on motion made by a party").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.,* Civ. No. 09–02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing *Lum v. Bank of Am.,* 361 F.3d 217, 223–24 (3d Cir. 2004)).

## III.  DISCUSSION

As an initial matter, Plaintiff has failed to plead facts sufficient to sustain any of its claims against defendant Yodaiken. In its thirty-three page, 173-paragraph Amended Complaint, Plaintiff

mentions Yodaiken only three times.  First, Plaintiff alleges that Yodaiken serves as a "director," "President," "Secretary," and "Treasurer" of Atlantis-Canada and "President" of Atlantis-US and, "[o]n information and belief  . . . controls" those companies.  (D.E. 31 ¶¶ 7-9, 75.)  Next, the Amended Complaint alleges that "[o]n information and belief, Yodaiken determines business policies for [the Corporate Defendants], including all quality control policies relating to [the Corporate Defendants'] sale of electronic component parts" and appeared in promotional videos for non-party Cyclops Electronics, touting that entity's "anti-counterfeiting procedures" and "money back guarantee."  (*Id.* ¶¶ 69-71.)  Finally, the Amended Complaint states that Yodaiken appeared in a quality control video for Atlantis-Canada in which he addressed the company's authentication procedures.  (*Id.* ¶ 74.)  Nowhere does Plaintiff indicate that Yodaiken knew of or participated in the contract negotiations that gave rise to Plaintiff's purchase of the allegedly counterfeit electronic components, nor are there any allegations that Yodaiken knew the parts were counterfeit or that he made any false or negligent misrepresentations to Plaintiff regarding the parts.  His general role as a director and/or officer of the Corporate Defendants is insufficient to sustain Plaintiff's claims.  As such, all claims against Yodaiken will be dismissed.

Plaintiff's claims against the Corporate Defendants must also be dismissed.  Plaintiff entered into a contract with Atlantis-Canada.  (*Id.* ¶¶ 35-48.)  Yet, throughout the Amended Complaint, Plaintiff treats Atlantis-Canada and Atlantis-US as a single, unitary entity, and fails to identify precisely what acts each individual defendant undertook to breach the contract or that justify liability for Plaintiff's other claims.  This type of "'group pleading' does not satisfy Rule 8, because it does not place Defendants on notice of the claims against each of them."  *Sheeran v. Blyth Shipholding S.A.*, Civ. No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015).  It is well-established that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a

plaintiff must differentiate between defendants." *Shaw v. Housing Auth. of Camden*, Civ. No. 11-4291, 2012 WL 3283402, at \*2 (D.N.J. Aug. 10, 2012) (internal citations omitted). Where, as here, the heightened pleading requirements of Rule 9(b) apply, such general and sweeping allegations are even more problematic. Therefore, Plaintiff's claims against Atlantis-Canada and Atlantis-US will be dismissed.[1]

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. Plaintiffs shall have thirty (30) days to file a Second Amended Complaint in accordance with these findings.[2] An appropriate order follows.

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

---

[1] Even if this Court were to address Plaintiff's specific claims, they would likely be dismissed on substantive grounds. As to Count One, Plaintiff has not pled reliance, which is a necessary element under New Jersey law. *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (noting that the elements of a fraud claim include: "(1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage"). Count Two, a claim pursuant to the NJCFA, sounds in fraud and is subject to heightened pleading, which requires Plaintiff to specify each individual defendant's actions and their individual liability. *Torres-Hernandez v. CVT Prepaid Solutions, Inc.*, Civ. No. 08-1057, 2008 WL 5381227, at \*5 (D.N.J. Aug. 29, 2018). As discussed above, the Amended Complaint's current grouping of defendants does not satisfy this standard. Count Three appears substantively deficient for failure to establish a duty owed by Defendants to Plaintiff, and would also be barred by the economic loss doctrine. *See Fernandes v. DAR Dev. Corp.*, 222 N.J. 390, 403-4 (2015) (noting that a plaintiff bringing a claim for negligent misrepresentation under New Jersey law must show: 1) defendant owed Plaintiff a duty of care, 2) defendant knowingly breached that duty, 3) actual and proximate causation, and 4) damages); *Rao v. Anderson Ludgate Consulting, LLC*, Civ. No. 15-3126, 2016 WL 3647998, at \*2 (D.N.J. July 7, 2016) (noting that the economic loss doctrine bars recovery "of purely economic loss in tort"). Counts Four and Five for breach of contract and breach of warranty are duplicative, making it likely that only one would survive a motion to dismiss.

[2] In addition, Plaintiff is cautioned to comply with Federal Rule of Civil Procedure 8 which emphasizes the need for "clarity and brevity" in federal pleadings. *Itiowe v. United States Gov't*, 650 F. App'x 100, 103 (3d Cir. 2016). Any pleading should contain " a short and plain statement of the claim showing the pleader is entitled to relief" and every averment must be "simple, concise, and direct." *Id.* (citing Rule 8(a) and (d)). Repetitive, redundant or irrelevant material, such as references to non-parties or the inclusion of unnecessary exhibits more appropriately filed on a motion for summary judgment, may be stricken pursuant to Rule 12(f).

Orig:          Clerk
cc:              Leda D. Wettre, U.S.M.J.
                    Parties